# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ALVIN T. McCULLOUGH                                         PLAINTIFF
ADC #131910

v.                    No: 4:21-cv-00989 LPR-PSH

WILLIAM F. STRAUGHN, *et al.*                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Alvin T. McCullough filed a *pro se* complaint on October 29, 2021, while incarcerated at the Arkansas Division of Correction's Maximum Security Unit (Doc. No. 2). McCullough filed a First Amended Complaint on December 21, 2021

(Doc. No. 8).¹  The Court has reviewed McCullough's First Amended Complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

---

¹ McCullough names only one defendant in his First Amended Complaint: Yolanda N. Langston.  The Clerk of Court is therefore directed to remove all other defendants from the style of this case.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. McCullough alleges that defendant Sergeant Yolanda Langston made false accusations against him on December 31, 2020 and August 6, 2021, resulting in disciplinary action and punishment. Doc. No. 8 at 4-6. He claims he spent seven months in restrictive housing due to the first disciplinary and was placed in isolation after the second disciplinary. *Id*. McCullough also contends that because he was placed in isolation after the August 6 incident, he was unable to call witnesses during his disciplinary hearing on August 17, 2021.

McCullough further alleges that in September 2021, Langston informed him he was being moved to restrictive housing but he refused to move because he did not trust her. *Id.* at 8. He claims she then retaliated against him by placing him on behavior control, and he received another disciplinary for refusing to obey orders. *Id*. McCullough then spent ten days on behavior control status, with no toilet paper for several days, and no mat to sleep on. *Id.* at 8-9. McCullough claims these conditions caused him to black out and hit his head on September 17, 2021. *Id*. McCullough claims that Langston violated his Eighth Amendment, due process, and

equal protection rights. *Id.* at 12. For the reasons described below, the undersigned finds he fails to describe a viable claim for relief.

***False Disciplinaries/Due Process.*** McCullough's allegations that Langston issued disciplinaries against him based on false accusations is not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same).[2]

Further, McCullough cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). McCullough was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to

---

[2] *See also Daniels v. Ferguson*, 2008 WL 698485, *9 (W.D. Ark. March 13, 2008) ("To the extent Daniels contends his Due Process rights were violated because the disciplinary charges were fabricated or the events simply never occurred, courts have held that a prisoner enjoys no constitutional guarantee to be free from false charges that may lead to punishment.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) and *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983)).

determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002).

McCullough states that he was confined to restrictive housing for seven months as a result of the disciplinary conviction related to the December 31, 2020 allegations. He does not describe any conditions to which he was exposed in restrictive housing during that time or how any such conditions constituted an atypical and significant hardship. Thus, he fails to state a due process claim related to the December 31, 2020 disciplinary.

Additionally, McCullough does not specify what punishment he received related to the August 6, 2021 disciplinary after he was found guilty on August 17. The Court infers from the Amended Complaint that he was placed in isolation

because he alleges he went to the recreation yard "in isolation" days later. Doc. No. 8 at 6. He fails, however, to describe how long he was placed in isolation or what conditions he endured there as a result of his disciplinary conviction, and he fails to assert how any conditions to which he was exposed constituted an atypical and significant hardship. McCullough therefore fails to state a due process claim related to the August 6, 2021 disciplinary.

Finally, McCullough alleges that he was approached while in isolation on September 10, 2021 and told to gather his belongings because he was going to be moved "back to restrictive housing." *Id.* at 7. He claims he refused to move, and as a result he received another disciplinary and was placed on behavior control status, without his property, for 10 days. *Id.* at 8. McCullough claims that defendant Langston had him placed on behavior control status in retaliation for his refusal to move as ordered. The Court finds that McCullough's placement on behavior control status without his property for his refusal to comply with an order did not constitute an atypical and significant hardship that would give rise to due process protection. *See e.g., Ballinger v. Cedar Cnty.,* 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where claimant alleged reduced access to showers, telephone use, exercise, and social interaction with others); *Driscoll v. Youngman*, 124 F.3d 207 (8th Cir. 1997) (unpublished decision) (135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate

time in the library" did not amount to an atypical and significant hardship). Accordingly, McCullough fails to state sufficient facts to support a due process claim based on Langston's alleged false disciplinaries.

***Eighth Amendment.*** Similarly, McCullough's allegations do not support an Eighth Amendment claim. To plead a viable Eighth Amendment inhumane conditions of confinement claim, McCullough must allege facts demonstrating that: (1) objectively, he suffered a deprivation that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; *and* (2) subjectively, the defendant was deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The length of time that a prisoner is subjected to the allegedly inhumane conditions is a "critical factor" in the Eighth Amendment analysis. *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (stating that "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months"). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

McCullough alleges that he was placed on behavior control status on September 10, 2021. He was released into restrictive housing on September 20,

2021. Doc. No. 8 at 9. He claims that while on behavior control status he had no toilet paper for "a number of" days. Doc. No. 8 at 8. He also states that several inmates who were in isolation provided him with toilet paper. *Id*. at 9. Additionally, McCullough alleges that his sleeping mat was removed while he was on behavior control status and that "lying on cemented concrete without a matt contributed to him blanking out and losing conscious, hitting his head" on September 17. *Id.*

These allegations do not describe deprivations sufficiently serious to constitute an Eighth Amendment violation. *See e.g., Goldman v. Forbus,* 17 Fed. Appx. 487, 488 (8th Cir. 2001) (no constitutional violation where detainee slept six nights on the floor next to a toilet); *Hamilton v. Mauldin,* No. 14-CV-4033, 2015 WL 898080, at *2 (W.D. Ark. Mar. 3, 2015) ("While Plaintiff may have been uncomfortable without a mattress [for seven or eight nights], this was not a deprivation of any minimal civilized measure of life's necessities."); *Bargo v. Hobbs,* No. 5:14cv00393-KGB, 2017 WL 763923 (E.D. Ark. Feb. 27, 2017) (no Eighth Amendment violation where prisoner was forced to urinate and defecate in the fields, without access to a portable toilet, while temporarily assigned to field duty). In sum, McCullough alleges he was uncomfortable, but does not allege that he was denied life's necessities such as food, shelter, and water. Accordingly, he does not state a claim under the Eighth Amendment.

***Retaliation.*** Finally, to the extent McCullough attempts to state a retaliation claim against Langston, he fails. To state a viable § 1983 retaliation claim, a plaintiff must allege: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

McCullough alleges that Langston retaliated against him because he refused to obey an order to move from isolation to restrictive housing. Refusing an order does not constitute protected activity under the first amendment. *See Walker v. Bowersox,* 526 F.3d 1186, 1189–90 (8th Cir. 2008) (concluding that an inmate's claim that an officer's pepper-spraying him to enforce an order to hand over a food tray was not retaliatory would fail as a matter of law, because the inmate admittedly ignored the officer's repeated orders to hand over the food tray); *Smith v. Erickson,* 961 F.2d 1387, 1388 (8th Cir.1992) (*per curiam*) (retaliation claim properly rejected where the alleged retaliatory disciplinary action was taken because Smith disobeyed a direct order); *Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir.1990) (*per curiam*)

(no retaliation claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform). For these reasons, McCullough fails to state a retaliation claim.

*Equal Protection.* Although McCullough alleges the defendants violated his equal protection rights, he describes no facts to support such a claim. "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relationship to any legitimate penal interest." *Weiler v. Purkett,* 137 F.3d 1047, 1051 (8th Cir.1998) (citing *Timm v. Gunter,* 917 F.2d 1093, 1103 (8th Cir.1990)). McCullough does not claim or assert facts suggesting that he was treated differently than other inmates. For this reason, his equal protection allegations fail to state a claim and should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. McCullough's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 5th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE